UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID RAMON COLEMAN et al,<br>Petitioners,<br><br>v.<br><br>ADAM DOUGLAS et al.,<br>Respondents. | Case No. 26-13102<br>Honorable Shalina D. Kumar |

**OPINION AND ORDER (1) DISMISSING PETITIONER JABARI REGAINS FROM THE CASE AND (2) TRANSFERRING PETITIONER DAVID RAMON COLEMAN'S PETITION FOR WRIT OF HABEAS CORPUS TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT AS A SECOND OR SUCCESSIVE PETITION**

The petitioner, David Ramon Coleman, is presently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan. Co-petitioner, Jabari Regains, is incarcerated at the Thumb Correctional Facility in Lapeer, Michigan. The two men have filed a joint petition for writ of habeas corpus in this district pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court dismisses Jabari Regains from the case without prejudice to him filing his own habeas petition. Because Mr. Coleman's present petition constitutes a "second or successive petition" within the meaning of 28 U.S.C. § 2244(b)(3), the Court will transfer his portion of the petition to the Court of Appeals so that he may seek permission to proceed.

**I. Background**

Petitioners Coleman and Regains were tried jointly, before separate juries, in the Wayne County Circuit Court. Both men were convicted of first-degree felony murder, first-degree home invasion, armed robbery, felon in possession of a firearm, and possession of a firearm during the commission of a felony. *See People v. Coleman*, No. 329847, 2017 WL 3090573 (Mich. Ct. App. July 20, 2017).

Following the exhaustion of his state appellate court remedies, petitioner Coleman filed a petition for writ of habeas corpus, which was denied on the merits. *Coleman v. Jackson*, 2021 WL 5585867 (E.D. Mich. Nov. 30, 2021). Petitioner Regains separately filed a petition for writ of habeas corpus challenging his conviction, which was also denied on the merits. *Regains v. Horton*, 2019 WL 6339816 (E.D. Mich. Nov. 27, 2019); *app. dism.* 2020 WL 8022239 (6th Cir. July 31, 2020).

The current petition again challenges these convictions. Although both petitioners are mentioned on the first page of the petition, Coleman is the only petitioner to sign the petition.

## II. Discussion

### A. Petitioner Regains is dismissed from the petition.

It is improper for different petitioners to file a joint habeas petition even where they were co-defendants at the same state trial. *See Norton v.*

*Parke,* 892 F.2d 476, 478 (6th Cir. 1989). “Several applicants can not join in a single petition for a writ of habeas corpus.” *U.S. ex rel. Bowe v. Skeen*, 107 F. Supp. 879, 881 (N.D.W. Va. 1952). A joint habeas petition involving several petitioners is improper because none of the petitioners has any interest in the illegal restraint of the other petitioners. *In re Kosopud*, 272 F. 330, 332 (N.D. Ohio 1920). “Petitions for a writ of habeas corpus are by nature an individual action.” *Borzych v. Bertrand*, 974 F. Supp. 1220, 1222 (E.D. Wis. 1997). The proper remedy when two habeas petitioners file a joint petition is for the court to dismiss the second petitioner from the case and direct him or her to file a separate case seeking habeas relief. *Norton,* 892 F.2d at 478.

Accordingly, petitioner Regains is dismissed from the case. The dismissal is without prejudice to him filing his own separate habeas petition.[1]

**B. The remainder of the petition is transferred to the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3).**

[1] Because petitioner Regains has already been denied habeas relief, should he wish to file another habeas petition, he should file a motion in the United States Court of Appeals for the Sixth Circuit to obtain permission to file a successive habeas petition.

Coleman, as mentioned above, filed a prior petition for a writ of habeas corpus challenging his judgment of sentence and incarceration.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court…and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action…to any other such court in which the action…could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997)(holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a

successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See In re Tibbetts*, 869 F.3d 403, 405 (6th Cir. 2017) (stating that "[t]he Antiterrorism and Effective Death Penalty Act of 1996 ... requires petitioners challenging state court judgments to seek authorization in a federal appeals court before filing a 'second or successive' petition in district court").

The Court acknowledges that even if Coleman's current claims could have been brought previously, the current petition would not be "second or successive" within the meaning of § 2244(b) if his first petition was dismissed for lack of jurisdiction, as unexhausted, or for similar reasons. *See* Brian R. Means, Federal Habeas Manual §§ 11:54–11:61 (2017); *Carlson v. Pitcher*, 137 F.3d 416, 420 (6th Cir. 1998). However, Coleman's prior habeas petition was dismissed because the claims lacked merit. Accordingly, the prior habeas petition counts toward the second-or-successive limitation. *See* Means, supra at §§ 11:48, 11:50; *In re Garner*, 612 F.3d 533, 535 (6th Cir. 2010) ("Because Garner's initial habeas petition was decided 'on the merits,' his recent filings in our court are properly deemed a 'second or successive' petition.")

Accordingly, the Clerk of Court is **DIRECTED** to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631 in order for that Court to determine whether Coleman should be permitted to file a successive habeas petition. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

**IT IS SO ORDERED.**

s/Shalina D. Kumar
Shalina D. Kumar
United States District Judge

Dated: September 18, 2026